## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRIS RODGERS,

        Plaintiff,

vs.                                           Civ. No. 04-0352 MV/ACT

ZIMMER, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss the Case Without Prejudice **[Doc. 27]** filed on November 5, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED without prejudice**.

## BACKGROUND

On January 16, 2004, Chris Rodgers ("Plaintiff") filed a Complaint *pro se* against Zimmer, Inc. ("Defendant") in Bernalillo County's Second Judicial District, alleging that his hip implant, manufactured by Defendant, was defective. Soon after, the case was removed from state court to this federal district court. A scheduling conference was held on June 24, 2004. The Court ordered the parties to submit an Initial Pretrial Report ("IPTR") by July 15, 2004 **[Doc. No. 9]**. The Court further ordered Plaintiff to provide Defendant with his Initial Disclosures by July 15, 2004. Plaintiff responded by filing a motion to extend the deadline for submitting the IPTR because he was trying to obtain counsel **[Doc. No. 11]**. The Court extended the deadline for

submission of the IPTR until August 13, 2004 **[Doc. No. 13]**.  On August 11, 2004, L. Edward Glass entered his appearance as counsel on behalf of Plaintiff **[Doc. No. 16]**.  Still, Plaintiff did not respond to Defendant's discovery requests.

Defendant then filed a Motion to Compel **[Doc. No. 14]**.  On September 14, 2004, the Court granted Defendant's Motion to Compel, ordering Plaintiff to provide initial disclosures to Defendant, as well as to provide responses to Defendant's Interrogatories and Requests for Production.  Plaintiff did not respond to this Order.  Plaintiff further failed to provide Defendant with expert reports as required by the Court's scheduling order or to initiate any discovery of his own.  On September 21, 2004, Mr. Glass filed a motion to withdraw as Plaintiff's counsel of record because of "irreconcilable differences over issues arising out of this litigation as well as over the management and direction of the litigation."  *See* Doc. No. 19.  After a hearing on the issue, Plaintiff filed this voluntary dismissal motion.

<u>**DISCUSSION**</u>

Plaintiff seeks to dismiss the instant case without prejudice.  While he concedes that he is unable, at this juncture, to prove the defective nature of his hip replacement device, he believes he may be able to do so in the future because he is a candidate for "ex-plant surgery."  Pltf. Mtn. at 1.  Defendant, on the other hand, argues that dismissal without prejudice is inappropriate because Plaintiff "admits he has no evidence to support his claims and he has forced Zimmer to spend thousands of dollars to defend itself from his baseless claims."  Def. Mtn. at 2.  Defendant estimates its legal costs at nearly $20,000, *see* Def. Exh. A, Declaration of D. Pruitt, and argues that if the court dismisses the action without prejudice, it should award costs and attorney's fees, in addition to imposing other terms and conditions.

I.      **Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41**

Federal Rule of Civil Procedure 41 governs voluntary dismissals.  Unless filed before an answer or motion for summary judgment, or stipulated to by the parties, a voluntary dismissal is subject to Fed. R. Civ. P. 41(a)(2), which states in relevant part:  "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The main purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (citations and quotations omitted). Generally, courts will allow voluntary dismissal without prejudice unless the defendant will suffer "some plain legal prejudice" other than the mere prospect of a second lawsuit.  *See Nunez v. IBP, Inc.*, 163 F.R.D. 356, 358 (D. Kan. 1995) (citations and quotations omitted).  In evaluating legal prejudice, the following factors are paramount:  "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  These factors are "by no means exclusive," and factors that are "unique to the context of the case" must also be considered.  *Id*.  In reaching its conclusion, "[t]he district court should endeavor to insure substantial justice is accorded to both parties," and therefore the court "must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id*.

While courts often grant voluntary dismissals without prejudice, sometimes when plaintiff

has engaged in vexatious or bad faith litigation, dismissal with prejudice is appropriate.  In *Ratkovich v. Smith Kline*, 951 F.2d 155, 158-59 (7th Cir. 1991), the Seventh Circuit affirmed a district court's denial of plaintiff's motion for a voluntary dismissal without prejudice because, among other things, plaintiff failed to cooperate in discovery, operated in bad faith, lacked due diligence, and could not present any evidence in support of his allegations.  Similarly, in *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 550 (S.D. Ga. 1997), the district court determined that voluntary dismissal without prejudice was not appropriate because the case had been pending for nine years and plaintiffs filed the motion to dismiss just as defendants were decidedly close to "imminent victory."  Even if a court declines to dismiss a case with prejudice, it can still attach any terms and conditions it deems proper to prevent prejudice to the other side.  *See American Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).  These include, but are not limited to, costs, attorney's fees, and conditions regarding subsequent litigation.

        Based on the motions and information provided, the Court will grant Plaintiff's motion for voluntary dismissal without prejudice.  Although Defendant has incurred substantial legal costs, Defendant has not demonstrated that a dismissal "would work harm 'manifestly prejudicial'" to it. *Saviour v. Revco Discount Drug Ctrs., Inc.*, 126 F.R.D. 569, 570 (D. Kan. 1989) (citations omitted).  Further, a dismissal with prejudice in the instant case would be an unnecessarily harsh result.

        As a preliminary matter, Defendant proceeded *pro se* for seven months after he filed the Complaint. Thus, the Court will allow Plaintiff some leniency.  *See Clark v. Tansy*, 13 F.3d 1407, 1412 (10th Cir. 1993).  While *pro se*, Defendant appears to have been unclear about his

-4-

obligations under the Federal Rules of Civil Procedure, as he filed a motion to extend the deadline for filing his initial disclosures until he was able to secure counsel.  When he finally retained counsel, there were clear disagreements over the direction of the litigation, and counsel filed a motion to withdraw.  Shortly after that motion to withdraw was filed and the Court held a hearing on the matter, Plaintiff filed this voluntary dismissal motion.

Next, this dismissal motion comes at a fairly early stage in the litigation.  While the discovery deadline passed without Plaintiff complying with his duties, no dispositive motions have been filed.  *See, e.g., Berry v. General Star Nat'l Ins. Co.*, 190 F.R.D. 697, 698 (M.D. Ala. 2000) (granting dismissal without prejudice where the plaintiff's motion was filed "relatively early in the proceedings, before any dispositive motion had been filed").  For example, Defendant was not forced to travel and "expend an inordinate amount of time and effort" to conduct depositions in several different cities.  *See, e.g., Ratkovich*, 951 F.2d at 158.  Finally, Defendant does not present any concrete evidence that Plaintiff initiated this litigation in bad faith, even as Plaintiff now concedes that he cannot prove causation.  *See Ratkovich*, 951 F.2d at 159 (voluntary dismissal with prejudice appropriate where plaintiff clearly demonstrated a lack of diligence and perhaps even bad faith in pursuing the case).

## II.    Terms and Conditions

With a voluntary dismissal, the Court has discretion to impose certain terms and conditions as the "*quid pro quo* of allowing the plaintiff to dismiss his suit[.]"  *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). Defendant asks that the Court impose the following conditions: (1) if Plaintiff files another lawsuit against Defendant, Plaintiff be required to pay Defendant's attorney fees and costs incurred in this action; (2) any subsequent suit be filed

in this same court; (3) if Plaintiff refiles this action, the filing of this Complaint is to have no effect

on the statute of limitations; and (4) if Plaintiff refiles this action, he be barred from reopening

discovery or submitting expert testimony because of his failure to pursue any discovery in the

instant case. Def. Mtn. at 8-9.

> While courts often award attorney's fees and costs as conditions of a voluntary dismissal,
it is not mandatory to do so. *See DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202
(6th Cir. 1992). Here, Defendant incurred costs and fees in attempting to secure Plaintiff's
compliance with his discovery obligations under the Federal Rules of Civil Procedure and in
responding to Plaintiff's motion to withdraw counsel. The Court finds that because Plaintiff
would not have been responsible for these costs and fees had he lost the instant case, it is not
appropriate for him to pay them now. *See* 9 CHARLES A. WRIGHT AND ARTHUR R. MILLER,
FEDERAL PRACTICE AND PROCEDURE § 2366 (2nd ed. 1994) ("It appears somewhat anomalous to
require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had
the plaintiff lost the case on the merits[.]... It is for the court, under the circumstances of the
particular case, to decide whether payment of an attorney's fee should be required."). Should
Plaintiff file another lawsuit against Defendant, however, the Court will allow Defendant to
pursue costs and fees from this action and will reconsider its ruling at that time.

> Next, the Court will deny Defendant's request to prohibit Plaintiff from re-opening
discovery should he refile. The Court does not find this to be a reasonable condition. The Court
will, however, impose conditions that any subsequent suit by Plaintiff must be filed in this Court
and that Plaintiff's filing of this Complaint will not toll the statute of limitations should Plaintiff
pursue this case at a later time. The Court finds that these two conditions are reasonable under

the circumstances.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Voluntary Dismissal, filed on

November 5, 2004, **[Doc. 27]**, is **GRANTED without prejudice**.  The Court further orders that

the following terms and conditions be imposed:  (1) If Plaintiff seeks to recommence this action,

he will be required to file his Complaint in this Court; and (2) Plaintiff's filing of this Complaint is

to have no effect on the running of the statute of limitations.  While the Court will not hold

Plaintiff responsible for Defendant's costs and fees at this time, it reserves the right to reconsider

that ruling should Plaintiff refile his case.


Dated this 7th day of March, 2005.


_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE


<u>Attorney for Plaintiff</u>:
L. Edward Glass

<u>Attorney for Defendant</u>:
Paul J. Peralta
David R. Pruitt
Kenneth L. Harrigan
Alex C. Walker